Sandford, J.,
(with the concurrence of all the Justices of the court.) — The answer traverses two facts, one or the other of which must be proved to give the plaintiffs a right to maintain their suit. But neither of these facts is alleged in the complaint. It may be a fair inference that one or both are true, from the allegation that there is due to the plaintiffs on the note the pum for which it was given, but that is very different from an allegation. Although not in answer to any thing stated in the complaint, we cannot say an answer is frivolous which denies what is essential to the plaintiffs’ right of action.
We think, on-a full consideration of the subject, that the complaint is defective. It should show in some way the connection between the plaintiffs and the note, i. e., that it was indorsed or transferred to them, or that they are the holders or owners of the note. As it now stands, there is no such allegation. The indorsement as copied, if that be deemed a part of the- instrument, is in blank, and there is no averment that the note was delivered to the plaintiffs. The inference is rather, that the defendants, when they made and indorsed the note, delivered it to Hammerling, Mayet & Co., from whom the consideration proceeded.
The plaintiffs have proceeded on the supposition that section 162 of the code of procedure, as amended in July last, authorizes this mode of pleading. It provides that when the action or defence is founded on an instrument for the payment of money only, it shall be sufficient for a party to give a copy and to state that there is due to him thereon a specified sum, &c. We cannot imagine that it was intended by this to dispense with the necessity of the claimant’s connecting himself -in some *698 mode with the instrument when his name does not appear upon it in any manner. When such is the fact, the action is founded on something more than the instrument, and that something must be averred.
In this case, the plaintiffs’ names do not appear in the note or the indorsement. The action is founded not only on what does appear by a copy of the instrument, but upon the fact that the note was delivered to them on its transfer by the blank indorsement, or that they became the holders or owners of the note. The 162d section of the code does not relieve the plaintiffs from making one or the other of these averments. Without anticipating other questions that are suggested by this new provision of the code, we are clear that this complaint is insufficient.
It was said that this amendment of section 162, was a virtual re-enactment of the statute which allowed a copy of a bill or note to be served with a declaration on the money counts against all or any of the parties. Rut that statute made no change in the form or rule of pleading. The defendant, in a suit under it, never pleaded to the bill or note indorsed on the declaration; his plea was to the declaration itself, the common counts. Hence, there is no analogy between the two enactments so far as the question of pleading is concerned.
Motion denied, without costs, and with leave to the plaintiff to amend his complaint.